FRANK WINTERS, 811; BONNIE WINTERS, 812; FRANK JOSEPH WINTERS, JR., 813, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1925.*

RESPONDEAT SUPERIOR—*when State not liable. Negligence of its employee.* The State is not liable for the negligence of its employees.

GEO. W. DOWELL, for claimants.

OSCAR E. CARLSTROM, Attorney General; S. S. DUHAMEL, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court.

These cases will be treated together inasmuch as they refer to the same accident, and the same testimony is applicable to each. Claimants ask for damages sustained by each respectively, arising out of an accident, which occurred under the following circumstances: On March 22, 1924, Frank Winters, together with his wife, Bonnie Winters, and infant child, Frank Joseph Winters, Jr., were driving along a state highway about two miles north of the City of Carbondale, Jackson county, Illinois, in the night time of said date, when he, said Frank Winters, collided with a certain truck owned by the State of Illinois, which had been left standing without an attendant upon, along and crosswise said hard road; that by reason of said collision, the car in which they were driving was injured beyond repair, and each of claimants suffered severe injuries.

Demurrers, filed by the Attorney General of the State of Illinois are, as a matter of law, sustained.

It appears from the testimony that one Sykes, in the employ of the State of Illinois as highway patrolman from Carbondale to DuQuoin, was driving a State truck north of Carbondale along and upon the pavement upon a State high-

way leading north from Carbondale, and when Sykes had arrived about one mile north of Carbondale he attempted to turn the truck around, and while endeavoring to make the turn backed the truck so that the rear wheels left the pavement and mired down in the mud so that the truck by its own force could not get back upon the pavement. The truck was about at right angles with the pavement so that the front of the truck pointed westward and there was a distance of between four and four and one-half feet between the west edge of the slab and the front part of the truck. After working with the truck and endeavoring to extricate it about an hour, the patrolman went into Carbondale to procure lanterns, and returned with same and placed same on the truck about 7 o'clock, one on the front bumper and one on the south side of the truck just in front of the rear wheel. We do not find any evidence of negligence on the part of any of the State employes in this instance, and had the driver of the Chevrolet above mentioned, the claimant, Frank Winters, been in the exercise of due care and caution, he could have avoided the accident. It is therefore the judgment of this court that these claims and the same are hereby rejected.